IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JALEN D. LEE,

    Petitioner,

v.

TIMOTHY SHOOP, WARDEN,
    CHILLICOTHE CORRECTIONAL
    INSTITUTION,

    Respondent.

Case No. 2:18-cv-561
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

## ORDER and
## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Petitioner has filed a Motion for Leave to Proceed *in forma pauperis*. Upon consideration, the undersigned finds the motion to be meritorious and it is **GRANTED**. Petitioner shall be **PERMITTED** to prosecute this action without prepayment of fees or costs and judicial officers who render services in this action will do so as if costs had been prepaid.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." If it does so appear, the petition must be dismissed. *Id*. For the reasons that follow, the undersigned **RECOMMENDS** dismissal under Rule 4.

**Facts and Procedural History**

Petitioner challenges his March 9, 2016 conviction pursuant to his guilty plea in the Licking County Court of Common Pleas on aggravated robbery. On June 8, 2016, the trial court imposed a sentence of four years incarceration. Petitioner indicates that he never filed an appeal or pursued other state collateral action. He did, however, file a grievance with the Ohio Supreme Court Disciplinary Counsel against his attorney based on an alleged conflict of interest. He has attached a letter dated May 25, 2018, from the Ohio Supreme Court Disciplinary Counsel advising him that he must seek review of his claim of the denial of the effective assistance of counsel through the state courts and that absent a finding of the ineffective assistance of counsel, it would not further review his case. (ECF No. 1-2, PAGEID # 22-23.) On June 7, 2018, Petitioner filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that he was denied the effective assistance of counsel based on a conflict of interest during plea bargaining and sentencing proceedings (claim one) and that his guilty plea was not knowing, intelligent, or voluntary based on the ineffective assistance of counsel (claim two). The undersigned finds that these claims must be dismissed as unexhausted.

**Exhaustion**

Before a federal habeas court may grant habeas corpus relief, a state prisoner must exhaust his available state-court remedies. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (1993); *see also* 28 U.S.C. § 2254(d)(1). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254 (b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A habeas petitioner bears the burden of

demonstrating that he has properly and fully exhausted his available state-court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987).

Here, Petitioner has never presented his claims to the state courts. Moreover, he may still do so. He may file a motion for a delayed appeal under the provision of Ohio Appellate Rule 5(A). Therefore, plainly, this action remains unexhausted and subject to dismissal on that basis.

**Recommended Disposition**

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED**. Petitioner's request for the appointment of counsel is **DENIED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

>  */s/ Chelsey M. Vascura*
>  CHELSEY M. VASCURA
>  UNITED STATES MAGISTRATE JUDGE